IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **FAYGIE FIELDS, Inmate #N60666,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) CIVIL NO. 06-432-WDS |
| | ) |
| **SHELTON FREY,** | ) |
| | ) |
| **Defendant.** | ) |

### MEMORANDUM AND ORDER

**STIEHL, District Judge:**

Plaintiff, an inmate in the Tamms Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> > (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> > (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A. An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Upon careful review of the complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; this action is legally frivolous and thus subject to summary dismissal.

FACTUAL ALLEGATIONS

Plaintiff brings this action for "deliberate indifference to [his] healthcare needs." Plaintiff suffers from an unspecified mental illness. He states that Tamms employees tamper with his food and the Tylenol they give him, that they force him to endure "extreme isolation," that they intentionally place irritating substances on his shaving clippers and in his weekly laundry, that an unspecified dentist "shoot[s] holes" in his teeth, that Tamms employees forcibly sedate him, and that they conduct needless strip searches. Plaintiff states that this treatment aggravates his mental illness, causing him to act out, which leads to disciplinary measures taken against him for his misbehavior. The punishments, in turn, aggravate his symptoms, again causing him to misbehave.

## LEGAL STANDARDS

Without making any statement as to the merits of any future claims Plaintiff might describe, the Court finds that Plaintiff has failed to state a claim pursuant to section 1983.

"The doctrine of respondeat superior does not apply to § 1983 actions; thus to be held individually liable, a defendant must be 'personally responsible for the deprivation of a constitutional right.' " *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001), *quoting Chavez v. Ill. State Police*, 251 F.3d 612, 651 (7th Cir. 2001). *See also Monell v. Department of Social Services*, 436 U.S. 658 (1978); *Eades v. Thompson*, 823 F.2d 1055, 1063 (7th Cir. 1987); *Wolf-Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir. 1983); *Duncan v. Duckworth*, 644 F.2d 653, 655-56 (7th Cir. 1981). "A plaintiff cannot state a claim against a defendant by including the defendant's name in the caption." *Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998). *See also Crowder v. Lash,* 687 F.2d 996, 1006 (7th Cir. 1982) (director of state correctional agency not personally responsible for constitutional violations within prison system solely because grievance procedure made him aware of it and he failed to intervene). The only defendant Plaintiff names in the action is Tamms Warden

Shelton Frey. Plaintiff does not make any allegations that show how Defendant Frey was personally responsible for any of the violations described in the statement of claims. Accordingly, Plaintiff has failed to state a claim against Defendant Frey, and the action must be dismissed.

In summary, Plaintiff's complaint does not survive review under § 1915A. Accordingly, this action is **DISMISSED** without prejudice.

**IT IS SO ORDERED.**

**DATED: February 7, 2007**

**s/ WILLIAM D. STIEHL**
**DISTRICT JUDGE**